1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Eduardo Cuevas-Hernandez,              )    CASE NO.  05-CV-545-TUC-FRZ
                                            )              05-CR-562-TUC-FRZ
10                  Petitioner,             )
                                            )    **ORDER**
11   vs.                                    )
                                            )
12                                          )
     United States of America,             )
13                                          )
                    Respondent.             )
14                                          )
                                            )
15

16        Petitioner has filed a "Motion for Time Reduction by an Inmate in Federal Custody,

17   (28 U.S.C. Section 2255)."

18        Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

19   District Courts provides, in relevant part, that

20            [i]f it plainly appears from the motion, any attached exhibits,
             and the record of prior proceedings that the moving party is not
21           entitled to relief, the judge must dismiss the motion and direct
             the clerk to notify the moving party.
22
     28 U.S.C. foll. § 2255.
23
                                    **Background**
24
          Pursuant to a plea agreement, Petitioner entered a plea of guilty to the Indictment,
25
     which charged him with entering and being found in the United States after having been
26
     denied admission, excluded, deported, and removed from the United States, and not having
27
     obtained the express consent of the Attorney General or the Secretary of the Department of
28

1   Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C.

2   § 1326, enhanced by 8 U.S.C. § 1326(b)(2).

3   Pursuant to the plea agreement, Petitioner waived "any and all motions, defenses,

4   probable cause determinations, and objections which [he] could assert to the information or

5   indictment or to the Court's entry of judgment against [him] and imposition of sentence upon

6   [him] providing the sentence is consistent with [the plea] agreement." In addition, Petitioner

7   waived "any right to collaterally attack [his] conviction and sentence under Title 28, United

8   States Code, Section 2255, or any other collateral attack."

9   The plea agreement provided for a sentencing range of 27-71 months, depending on

10  Petitioner's criminal history, if the offense was a Level 24 offense. The Court imposed a

11  sentence of thirty-three months, the lowest possible sentence under the plea agreement for

12  Petitioner's Criminal History Category III.

13                                              **Discussion**

14  In his motion, Petitioner seeks a reduction of his sentence. He contends that his right

15  to equal protection is violated by the fact that deportable alien prisoners, unlike their United

16  States citizen counterparts, are ineligible for a one-year sentence reduction for attending a

17  drug treatment program during incarceration and early release to a half-way house. His

18  motion also contains a petition for commutation of sentence, which is not within this Court's

19  authority to grant or deny. *See Graham v. Angelone*, 73 F. Supp. 2d 629, 630 (E.D.

20  Va.1999).

21  Petitioner's claim for a sentence reduction is waived because, in the plea agreement,

22  Petitioner waived "any right to collaterally attack [his] conviction and sentence under Title

23  28, United States Code, Section 2255."

24  Alternatively, the Ninth Circuit Court of Appeals rejected Petitioner's argument in

25  *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999). In that case, the Ninth Circuit found

26  that there was no equal protection violation and held that "excluding prisoners with detainers

27  from participating in community-based treatment programs, and consequently from sentence

28  reduction eligibility, is at least rationally related to the BOP's legitimate interest in

1  preventing prisoners from fleeing detainers while participating in community treatment
2  programs." *Id.* at 1186.

3

4                              **Conclusion**

5       Accordingly,

6

7       **IT IS ORDERED** that Petitioner's § 2255 Motion (U.S.D.C. document #18 in

8  CR-05-562-TUC-FRZ) is **DENIED** and this case (CV-05-545-TUC-FRZ) is **DISMISSED**.

9

10      **IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy

11 of the Motion and this Order on Respondent and **SHALL SERVE** a copy of this Order on

12 Petitioner.

13      DATED this 26th day of September, 2005.

14

15

16                                        FRANK R. ZAPATA

17                                        United States District Judge

18

19

20

21

22

23

24

25

26

27

28